**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EVELYN MARTINEZ,**

        **Plaintiff,**

**-vs-**                                  **Case No. 6:06-cv-90-Orl-31DAB**

**CITY OF MELBOURNE and JOHNS**
**EASTERN COMPANY, INC.,**

        **Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR RECUSAL (Doc. No. 9)**
>
> **FILED:**      **February 1, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

In her motion, Plaintiff seeks recusal of the undersigned due to "abuse and prejudice" in that the Court "has never once sided for this Plaintiff in over 10 different documents submitted to this Court in 4 different cases including this one."

Title 28 U.S.C. § 455 sets forth the standards for recusal. According to this section, recusal is required when a judge's impartiality might reasonably be questioned or if there exists any one of five indicators of personal interest, relationship or prejudice regarding the outcome of a case. When deciding whether a judge's impartiality might reasonably be questioned, a court should examine

whether a reasonable person, knowing all the circumstances, would be led to conclude that the judge has actual knowledge of the facts indicating his interest or bias in the case. *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).

As the Eleventh Circuit has noted:

> . . . [A] judge's rulings in the same or a related case may not serve as the basis for a recusal motion. *Jaffe v. Grant*, 793 F.2d 1182, 1189 (11th Cir.1986), *cert. denied*, 480 U.S. 931, 107 S.Ct. 1566, 94 L.Ed.2d 759 (1987). The judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case. *Id.* at 1188-1189. An exception to this general rule occurs when the movant demonstrates "pervasive bias and prejudice." *Id.* at 1189 (quoting *United States v. Phillips*, 664 F.2d 971, 1002-03 (5th Cir., Unit B (1981), *cert. denied*, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982)).

*McWhorter v. City of Birmingham*, 906 F.2d 674, 678-679 (11th Cir. 1990) (per curiam). Absent one of the five indicators of personal interest, however, bias is not presumed. "A judge should not recuse himself based upon unsupported, irrational, or tenuous allegations." *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir.1988) (per curiam), *cert. denied*, 489 U.S. 1030 (1989). "[A] charge of partiality must be supported by facts." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir.1986) (per curiam).

Applied here, the alleged bias is supported only by unsworn allegations that the undersigned did not rule favorably to Plaintiff in several [unidentified] cases, "including this one." The Court notes that other than this Order denying recusal, the undersigned has not made *any* rulings in the instant case. Moreover, as stated above, a judge's rulings in related cases do not serve to support a motion for recusal.

"There is as much obligation upon a judge not to recuse himself when there is no occasion as there is to do so when there is." *Blizard v. Fielding*, 454 F.Supp. 318, 323 (D.Mass.1978), *affirmed* 601 F.2d 1217 (1st Cir. 1979), *citing In Re Union Leader Corp.,* 292 F.2d 381 (1st Cir. 1961). The motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on February 6, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties