# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EVELYN MARTINEZ,**

                    **Plaintiff,**

-vs-                                                    **Case No.  6:06-cv-90-Orl-31DAB**

**CITY OF MELBOURNE and JOHNS
EASTERN COMPANY, INC.,**

                    **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT CITY OF MELBOURNE'S MOTION TO DISMISS (Doc. No. 7)** |
| **FILED:** | **January 27, 2006** |
| | _____ |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

| | |
|---|---|
| **MOTION:** | **DEFENDANT JOHNS EASTERN COMPANY'S MOTION TO DISMISS (Doc. No. 19)** |
| **FILED:** | **February 28, 2006** |
| | _____ |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED, as moot**. |

## PROCEDURAL BACKGROUND

***The First Case***        On July 27, 2004, Plaintiff filed her complaint against Defendant City of Melbourne in federal court: Case No. 6:04cv1146-28KRS.  The Complaint in that case (herein "the initial complaint") asserted civil right violations and tort claims for conspiracy and personal injury against the City, allegedly arising out of a May 16, 2004 incident in which Plaintiff was ejected from a public park as a trespasser (*See* the initial complaint; Case No. 6:04cv1146, Doc. No. 1).  Plaintiff moved to proceed *in forma pauperis*, and Judge Karla Spaulding recommended that the motion be denied, finding that Plaintiff was not indigent.  The Report was adopted by the District Court, and Plaintiff was ordered to pay the filing fee.  When Plaintiff did not do so, the case was dismissed, without prejudice (Doc. No. 11).  Plaintiff appealed, and the Eleventh Circuit Court dismissed the appeal, as frivolous.  In denying a motion for reconsideration, the Eleventh Circuit reiterated its finding that the appeal was frivolous, noting: "Appellant failed to establish either the existence of diversity jurisdiction or a violation of her constitutional rights." (Doc. No. 26).

***The Second Case***[1]      In November 2005, Plaintiff filed her complaint again in federal court: Case No. 6:05cv1644-19JGG.  This time, Plaintiff added Johns Eastern Company, Inc., as an additional Defendant.  As before, this complaint asserted various civil right violations, tort claims for negligence/conspiracy and personal injury, allegedly arising out of the May 16, 2004 incident in which Plaintiff was ejected from a public park as a trespasser (Case No. 6:05cv1644-19JGG; Doc. No. 1).  As in the initial case, Plaintiff filed a motion for leave to proceed *in forma pauperis*.  Judge

---

[1]Plaintiff also filed suit against the Florida Association of Counties Trust Risk Service Corporation, alleging liability arising from the same actions and incident alleged here.  *See* Case No. 6:05cv1165-18DAB.  That case was dismissed when Plaintiff failed to pay a filing fee after her motion to proceed as a pauper was denied.  The District Court made a finding that the complaint failed to state a federal claim.  *Id.* Doc. No. 19.  Plaintiff appealed, and the appeal was dismissed for want of prosecution, after a finding that the appeal was frivolous.  *Id.* Doc. Nos. 25 and 26.

Glazebrook issued a Report and Recommendation, finding that Plaintiff was not a pauper, that the law suit failed to state a federal claim, and recommending dismissal (Doc. No. 3).   The District Court adopted the Report and dismissed the complaint, without prejudice, finding that the complaint failed to state a federal claim, and declining to exercise jurisdiction over the supplemental state law claims (Doc. No. 9).   The case was closed.

*The instant action*      Following the dismissal, Plaintiff immediately filed the instant Complaint in state court.   Once again, Plaintiff asserts her claims arising out of the May 2004 incident.   Defendant removed the Complaint here, and now both Defendants move to dismiss. Plaintiff has responded to the City's motion (Doc. No. 18).   For the reasons set forth herein, it is **respectfully recommended** that the federal claims in the Complaint be **dismissed, with prejudice, and the state claims remanded to the state court for resolution.**

### STANDARDS OF LAW

In deciding a motion to dismiss, the court must accept as true all the factual allegations in the complaint, drawing all inferences derived from those facts in the light most favorable to the plaintiff. *S.E.C. v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.), *cert. denied, Peat Marwick Main & Co. v. Tew*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.Ed 2d 90 (1974); *Little v. City of N. Miami*, 805 F.2d 962, 965 (11th Cir. 1986). A count may not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim for relief. *See Conley v. Gibson*, 355 U.S. 41, 45- 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  Moreover, a court should grant a motion to dismiss where the factual allegations in the plaintiff's complaint present a

dispositive legal issue precluding relief. *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### ANALYSIS

Plaintiff's claims have been reviewed by this Court and the appellate court and have been found to be wanting.  Such a scenario implicates the doctrines of *res judicata* or collateral estoppel. In order for the doctrine of res judicata to bar a subsequent suit, four elements must be present: (1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases.  To invoke collateral estoppel, a party must demonstrate four elements:  (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.  *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541, 1549 (11th Cir.1986).

Here, as evidenced above, the District Court dismissed this claim without prejudice, and did not enter a final judgment on the merits.  Thus, *res judicata* does not apply.  Plaintiff is, however, collaterally estopped from asserting that her complaint, which is essentially identical to the prior dismissed complaints, asserts a federal claim.  As Judge Glazebrook has noted:

> Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merits so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims. [*North Georgia Electric Membership Corp. v. City of Calhoun*, 989 F.2d 429, 432--433 (11th Cir.1993)]

(quoting *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir.1980)); see also *Cutler v. Hayes*, 818 F.2d 879, 888 (D.C.Cir.1987) (standing may not be relitigated); Restatement (Second) of Judgments § 20, cmt. billus. 1 (1982) (valid final judgment for lack of jurisdiction or improper venue does not bar relitigation of the claim, but does bar relitigation of the issues actually litigated). C. Wright, A. Miller, and E. Copper agree: Civil Rule 41(b) provides that a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits. This provision means only that the dismissal permits a second action on the same claim that corrects the deficiency found in the first action. The judgment remains effective to preclude relitigation of the precise issue of jurisdiction or venue that led to the initial dismissal.  18 Wright, Miller, and Cooper, FEDERAL PRACTICE AND PROCEDURE, § 4436 at 338--39 (footnotes omitted).

*Jones v. Law Firm of Hill and Ponton*, 141 F.Supp.2d 1349, 1356-1357 (M.D. Fla. 2001).  Here, the instant Complaint does not correct the deficiencies found by the District Court and appellate court, and dismissal is therefore appropriate.

Even if collateral estoppel did not serve to bar the federal causes of action, as noted in the related cases, Plaintiff fails to state a claim within the federal jurisdiction of this Court.  Plaintiff claims a civil rights violation against the City of Melbourne (Count 1), specifically violations of the 14th Amendment to the United States Constitution (equal protection) and "cruel and unusual punishment" (Eighth Amendment) arising from the City's failure to "fully, accurately and impartially investigate [her] complaints" and the issuance of the trespass citation.  As a matter of law, Plaintiff's claims do not state a cognizable federal cause of action.

It appears that Plaintiff is attempting to state a cause of action against the City, pursuant to 42 U.S.C. § 1983.  In order to hold a municipality liable for a civil rights violation, a plaintiff must establish: (1) the existence of a policy or custom; (2) the official policy or custom was so permanent and well settled so as to have the force of law; and (3) the policy or custom must have been the moving force behind the alleged constitutional violation at issue.  *See Monell v. Dept. of Social*

*Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed2d 611 (1978).  Here, no policy or custom is alleged; rather, the Complaint is clearly directed to the actions of the individual police officers, in response to the particular situation at the park.  Plaintiff does not allege that the police officers were acting pursuant to a City policy of not fully, accurately or impartially investigating complaints, and the Court cannot assume such.  Moreover, in any event, the Plaintiff has no substantive right to a police investigation that meets her expectations.  *See Vineyard v. Wilson,* 311 F. 3d 1340, 1356 (11th Cir. 2002).

Likewise, no equal protection violation or violation of an Eighth Amendment right is stated. The hallmark of an equal protection claim is that a plaintiff was treated dissimilarly from others, based on her membership in a particular class.  *See Johnson v. Board of Regents*, 263 F.3d 1234 (11th Cir. 2001).  No such allegation has been made here.  As for her cruel and unusual punishment claim, such applies only after a determination of guilt following a trial or plea.  *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861,60 L.Ed 2d 447 (1979).  Again, these allegations are not pled.  Put simply, as stated by this court in the prior opinions noted above, there is no federal cause of action arising from the facts pled by Plaintiff.

The remaining claims are state law claims and do not serve to establish jurisdiction here.  In Count II, Plaintiff alleges "conspiracy" and negligence against the City.  Count III asserts a claim for personal injury against the City, and Count IV is a negligence claim against Johns Eastern[2] for denying Plaintiff's claim for damages.  This magistrate agrees with the prior findings that these supplemental claims belong, if at all, in state court.

---

[2]According to its motion to dismiss, Johns Eastern is a third party administrator handling liability claims for the City.

### CONCLUSION

Despite numerous opportunities, Plaintiff has failed to set forth a claim within the limited jurisdiction of this Court.  As such, it is **respectfully recommended** that the federal constitutional claims be **dismissed, with prejudice,** and the state law claims be **remanded** to state court.[3]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 7, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[3]John Eastern's motion seeks attorney's fees under Rule 11, Fed. R. Civ. Pro.  Such an award is not warranted, since the Court does not reach the merits of the state law claims against Johns Eastern.  In addition, the motion fails to show compliance with the "safe harbor" provision of Rule 11.